STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

---

Melissa Versich,                                    Case Type: Employment Civil
                                                    Court File No.: _____
        Plaintiff,
v.                                                  **SUMMONS**

Career Education Corporation,

        Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT CAREER EDUCATION CORPORATION, AND ITS REGISTERED AGENT, c/o Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        HALUNEN & ASSOCIATES
        1650 IDS Center
        80 South Eighth Street
        Minneapolis, MN 55402
        Telephone: 612-605-4098
        Facsimile: 612-605-4099

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 7, 2014

HALUNEN & ASSOCIATES

Clayton Halunen, Atty. No. 219721
Ross D. Stadheim, Atty. No. 392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*ATTORNEYS FOR PLAINTIFF*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Court File No.:_____

Melissa Versich,

    Plaintiff,

v.  **COMPLAINT AND JURY DEMAND**

Career Education Corporation,

    Defendant.

---

Melissa Versich ("Plaintiff"), for her Complaint against Career Education Corporation ("Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the City of St. Paul, County of Ramsey, State of Minnesota.

2. Defendant is an Illinois corporation conducting business as Brown College in Brooklyn Center and Mendota Heights, Counties of Hennepin and Dakota, State of Minnesota, respectively. Brown College is a wholly-owned subsidiary of Career Education Corporation.

3. During the entirety of Plaintiff's employment, she lived in the State of Minnesota and worked at the above Brown College locations.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked as violations occurred in the State of Minnesota and involve state law.

5. Venue is appropriate because Defendant transacts a substantial amount of business in the State of Minnesota and the facts giving rise to this action occurred within the borders of the State of Minnesota.

## FACTS

6. Plaintiff was employed by Defendant from March 2005 to February 5, 2014 as a Program Chair for the Radio Broadcasting Program. During the entire course of her employment, she never received a negative performance review and was never coached, counseled, or otherwise disciplined regarding her performance.

7. All students in Defendant's Radio Broadcasting Program are required to complete an internship during the last three terms of their 18-month program or Defendant will force the student to drop the program.

8. In September 2013, a student known as "BP" failed to secure an internship by his last semester and was, therefore, running the risk of being dropped from the Radio Broadcasting Program. Plaintiff discovered this and subsequently made multiple attempts to contact BP by email and phone to find him an internship. Concerned that BP would be putting his future at risk by wasting thousands of dollars by failing to obtain his desired degree, Plaintiff left a message on a particular classroom's whiteboard where she knew BP would be. The message read, "[BP] do you return phone calls or emails? Bummed. Do you have an internship? I need to talk to you or you will be dropped."

9. Unfortunately, the BP complained to management about the whiteboard message, but still contacted Plaintiff who then was able to secure BP an internship to graduate.

10. Shortly after this incident, Plaintiff's supervisor, Lisa Thomas, Dean of Education, addressed the complaint with her in a meeting. During this meeting, Thomas stated that she agreed that Plaintiff had the student's best interests in mind, but that she should not have left the message in public. Thomas concluded the meeting by asking Plaintiff to apologize to BP, which she subsequently did. Both Thomas and Plaintiff considered the situation resolved.

2

11.     In January 2014, Plaintiff received another positive biannual performance review. Inappropriate methods of communication or anything that could be remotely related to the incident with BP were not mentioned.

12.     In late January 2014, Sheila Malewska was hired as Defendant's new Minnesota President. Shortly after Malewska started, she stressed the importance of recruiting and keeping as many students as possible in numerous meetings and emails to make Defendant more profitable.

13.     On February 3 and 4, 2014, Plaintiff reviewed three student applications for enrollment in the Radio Broadcasting Program. The application for the program is an audition, where the applicant is provided a script and their delivery is recorded. Faculty members then listen to the recordings to determine whether the student is capable of succeeding in the program. Plaintiff determined that all three of the applications she reviewed demonstrated a gross lack of ability to be successful. Fearing that the students would fail in the program and incur non-refundable financial aid if admitted, Plaintiff followed what she knew was applicable state and federal law and rejected the three applications.

14.     On February 5, 2014, Plaintiff received an email from Malewska requesting a meeting later that day. Due to Malewska's intense pressure she put on her Program Chairs to enroll as many students as possible, Plaintiff suspected that the meeting was about the applications she rejected. In order to adequately prepare herself for this meeting with the company's new President, Plaintiff went to Malewska's office and asked if the meeting was about the three rejected applications. Malewska stated that the meeting was not about the applications because she planned on overturning the rejections personally. Concerned that Malewska would then be violating applicable state and federal laws, Plaintiff defended her

3

decision and stated that these particular rejections cannot be overturned because it would be "illegal." Plaintiff stated that it was her professional opinion, with her many years in the radio business and broadcasting higher education, that these students would not be able to achieve satisfactory academic progress if admitted, which would not be in conjunction with accreditation standards, law, and would also constitute consumer fraud.

15. Plaintiff plainly stated this because she knew that Defendant had to follow applicable state and federal laws and that, admitting these students knowing that they would not be able to succeed, would constitute violations of those laws.

16. Additionally, Defendant is institutionally accredited by the Accrediting Council for Independent Colleges and Schools ("ACICS.") Rule 3-1-411 of ACICS' Accreditation Criteria Polices, Procedures, and Standards states that all students must be able to demonstrate an "ability to benefit" from the training offered. Plaintiff knew that admitting these students, who had not demonstrated an ability to benefit from the program, would violate some law, rule, or regulation. Later, Plaintiff discovered that one of these laws was 20 U.S.C. § 1094(21), which states that all institutions will meet the requirements established by accrediting agencies and associations.

17. Malewska then ignored Plaintiff's concerns and ended the meeting. Not surprisingly, Defendant's employee handbook and course catalogue do not state that rejected auditions can be overturned. Indeed, during Plaintiff's nine years of employment, no official has ever overturned a faculty rejection, to her knowledge.

18. Later in the day on February 5, 2014, Malewska met with Plaintiff and Paul Kraimer, who is a part of the Radio Broadcasting Faculty. First, Malewska informed Kraimer that he was receiving a final warning for a "conduct violation." This surprised Kraimer, as he had never been given a verbal or written warning prior to this meeting and had no idea what the violation

was for. Interestingly, Kraimer had also rejected a student audition on either February 3 or 4, 2014. Plaintiff understood that he was put on a final warning for his supplementary role in denying the three radio broadcasting applications.

19. After receiving his final warning, Kraimer exited the room. Malewska then informed Plaintiff that she was being terminated for the September 2013 incident. *See* ¶¶ 8-10. Tellingly, Malewska tacked on an additional reason for her termination, stating "turning down those auditions made it worse for you," which constitutes direct evidence of Defendant's unlawful and retaliatory motive.

20. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## CLAIMS

### COUNT ONE
### VIOLATIONS OF THE MINNESOTA WHISTLEBLOWER ACT

Plaintiff realleges each and every paragraph of this Complaint.

21. The Minnesota Whistleblower Act ("MWA") prohibits retaliation against employees for making good-faith reports of violations of law. Minn. Stat. § 181.932, subd. 1 provides:

> An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
>
> (1) the employee ..., in good faith, reports a violation, or suspected violation, or planned violation of any federal or state law or common law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official;
>
> (2) the employee is requested by a public body or office to participate in an investigation, hearing, inquiry;

> (3) the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason.

22. Plaintiff reported what she reasonably and in good faith believed to be violations of law.

23. The laws that Plaintiff believed Defendant violated include, but are not limited to:

- Minn. Stat. § 325F.68 – 325F.70 (using and employing fraud or deceptive practices with the intent that others rely on it in connection with the sale of any services);

- Minn. Stat. § 325D.44 (a person engages in deceptive trade practices when, during the course of business, the person engages in conduct that similarly creates a likelihood of confusion or misunderstanding);

- 20 U.S.C. § 1094(21) (educational institutions will meet all requirements of accrediting agencies and associations);

- Fraud;

- Breach of the Implied Covenant of Good Faith and Fair Dealing, and;

- Unjust Enrichment.

24. Defendant retaliated against Plaintiff as a result of her reported objection by terminating her employment.

25. The adverse employment actions as alleged herein constitute violations of the MWA, Minn. Stat. §§ 181.931 *et seq.*

26. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee.

27. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or with reckless indifference to the MWA, which protects Plaintiff.

28. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged, decreed, and declared to be in violation of the rights secured to Plaintiff by state law.

b. That Defendant be required to make Plaintiff whole for its adverse, retaliatory and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c. That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to as an employee of Defendant.

d. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial.

f. That Plaintiff be awarded punitive damages as permitted by statute.

g. That the Court award Plaintiff her attorneys' fees, costs and disbursements pursuant statute.

    h.    That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE TRIAL BY JURY IS AVAILABLE.

Dated: October 7, 2014          HALUNEN & ASSOCIATES

                                        Clayton D. Halunen, #219721
                                        Ross D. Stadheim, #0392475
                                        1650 IDS Center
                                        80 South 8th Street
                                        Minneapolis, MN 55402
                                        Telephone: (612) 605-4098
                                        Facsimile: (612) 605-4099

                                        *ATTORNEYS FOR PLAINTIFF*

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: October 7, 2014                                          
                                                Ross D. Stadheim